Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| REYNALDO BULTRÓN ROMÁN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400525 | *Revisión* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 146670<br>Núm. de Confinado: T4-17756<br><br>Sobre: Concesión Libertad Bajo Palabra |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece Reynaldo Bultrón Román (en adelante señor Bultrón Román o recurrente) mediante un *Recurso de Revisión Judicial* para solicitarnos la revisión de la *Resolución* emitida y notificada el 8 de mayo de 2024, por la Junta de Libertad Bajo Palabra (en adelante, JLBP).[1] Mediante la *Resolución* recurrida, la JLBP denegó el privilegio de libertad bajo palabra al recurrente y dispuso que el caso volvería a ser considerado en marzo de 2025, fecha en la cual el Departamento de Corrección y Rehabilitación debía someter un informe de ajuste y progreso con el plan de salida debidamente corroborado. Sobre dicho dictamen, el 24 de mayo de 2024, el recurrente presentó una *Moción de reconsideración*,[2] la cual fue acogida mediante *Resolución,* el 24 de junio de 2024, notificada el 26 de junio de 2024.[3]

---

[1] Apéndice del recurso, a las págs. 33-36. Véase, además, Expediente Administrativo, a las págs. 70-73.
[2] Apéndice del recurso, a las págs. 37-43. Véase, además, Expediente Administrativo, a las págs. 78-84.
[3] Apéndice del recurso, a las págs. 44-45. Véase, además, Expediente Administrativo, a las págs. 87-88.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción por haberse presentado de forma prematura.

I

El recurrente es miembro de la población correccional de la Institución Guayama 1000. Este se encuentra cumpliendo una sentencia de treinta y ocho (38) años de reclusión por delitos de asesinato en segundo grado, tentativa de asesinato, Ley de armas y violencia doméstica.[4]

El 25 de mayo de 2024, la Unidad Sociopenal redactó un *Informe breve para referir casos de sentencia por delito grave y menos grave ante la Junta de Libertad Bajo Palabra*, recibido en la JLBP el 8 de junio del mismo año.[5] En mérito de lo anterior, se presentó en el Negociado de Comunidad del Departamento de Corrección y Rehabilitación un *Informe breve de libertad bajo palabra*, recibido el 27 de junio de 2023.[6] Posteriormente, el 29 de agosto de 2023, la Técnica de Servicios Sociopenal, Maria S. Lebrón Quiñones, sometió a la JLBP el *Informe de libertad bajo palabra.*[7]

Tras varias incidencias procesales innecesarias pormenorizar, el 29 de marzo de 2024, se presentó a la JLBP el *Informe del Oficial Examinador.*[8] En el mismo, se recomendó no conceder al recurrente el privilegio de libertad bajo palabra.

Evaluado lo anterior, el 8 de mayo de 2024, la JLBP emitió y notificó la *Resolución* recurrida.[9]  Mediante este dictamen, denegó el privilegio de libertad bajo palabra al recurrente, y dispuso que el

---

[4] Apéndice del recurso, a la pág. 33. Véase, además, Expediente Administrativo, a la pág. 70.

[5] Apéndice del recurso, a las págs. 8-10. Véase, además, Expediente Administrativo, a las págs. 17-20.

[6] Apéndice del recurso, a las págs. 11-12. Véase, además, Expediente Administrativo, a las págs. 21- 22.

[7] Apéndice del recurso, a las págs. 13-18. Véase, además, Expediente Administrativo, a las págs. 21- 22.

[8] Apéndice del recurso, a las págs. 32a-32d. Véase, además, Expediente Administrativo, a las págs. 66-69.

[9] Apéndice del recurso a las págs. 33-36. Véase, además, Expediente Administrativo, a las págs. 70-73.

caso volvería a ser considerado en marzo de 2025, fecha en la cual el Departamento de Corrección y Rehabilitación debía someter un informe de ajuste y progreso con el plan de salida debidamente corroborado. Sobre dicho dictamen, el 24 de mayo de 2024, el recurrente presentó una oportuna *Moción de reconsideración.*[10] Dicha solicitud fue acogida mediante *Resolución* del 24 de junio de 2024, notificada el 26 de junio de 2024, disponiendo que se resolvería el escrito en noventa (90) días, contados a partir de la fecha de presentación.[11] De igual forma, dispuso que el Programa de Comunidad debía corroborar la dirección de residencia propuesta, así como la residencia de las partes perjudicadas, según surgían del expediente.

Así las cosas, el 23 de septiembre de 2024, el recurrente acudió ante este Tribunal de Apelaciones y presentó una *Petición de revisión administrativa.*

El 2 de octubre de 2024, compareció la JLBP para presentar copia certificada del expediente administrativo 146670.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[12] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *revisión* ante nos. A tenor, procederemos a disponer del recurso ante nuestra consideración.

---

[10] Apéndice del recurso a las págs. 37-43. Véase, además, Expediente Administrativo, a las págs. 78-84.
[11] Apéndice del recurso a las págs. 44-45. Véase, además, Expediente Administrativo, a las págs. 87-88.
[12] 4 LPRA Ap. XXII-B, R.7 (B)(5).

II

## A. Falta de jurisdicción por prematuro

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[13] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[14] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[15] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[16] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[17] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[18] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[19] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[20]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[21] Además, el aludido principio

---

[13] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[14] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[15] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Ríos Martínez.*
[16] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[17] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[18] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[19] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).
[20] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).
[21] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo,* 80 DPR 552, 595 (1958);

persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia. o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[22] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[23]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[24] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[25] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[26]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[27] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[22] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).

[23] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

[24] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).

[25] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.

[26] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.

[27] 4 LPRA Ap. XXII-B, R. 83 (C).

**B. Notificación adecuada de resoluciones finales**

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[28] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[29] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[30] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de abogado; y 6) que la decisión se base en la evidencia presentada y admitida en el juicio.[31] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[32]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[33] Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[34] Por ello, al no notificarse, adecuadamente, alguna

---

[28] CONST. PR, Art. II, Sec. 7.
[29] CONST. EE. UU., Emda. V y XIV.
[30] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).
[31] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.
[32] *Rivera Santiago v. Srio. de Hacienda*,119 DPR 265, 274 (1987).
[33] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).
[34] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).

resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[35]

En vista de lo anterior, y conforme dispone la  Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG),[36] será necesario que una agencia administrativa notifique una orden o resolución final con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, a la brevedad posible, y archivar en autos copia de esta y de la constancia de la notificación.[37] De lo contrario, no se le podrán oponer los términos jurisdiccionales a la parte que no ha sido notificada de la determinación conforme a derecho.[38] A esos efectos, cualquier recurso que se presente para impugnar los méritos de la decisión sería prematuro.[39]

## III

En nuestra previa exposición doctrinal indicamos que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[40] Por consiguiente, cuando este Tribunal carece de jurisdicción, no podemos hacer más que desestimar la reclamación, sin entrar en sus méritos. [41] A tenor, disponemos que en el presente caso no tenemos jurisdicción para atender el recurso. Nos explicamos.

En su *Petición de revisión administrativa,* el recurrente detalló que la *Resolución* recurrida nunca le fue notificada. No fue hasta que adquirió representación legal, y este recibió copia del expediente administrativo, que se enteró de que la JLBP emitió una

---

[35] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).

[36] Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*

[37] *Íd.,* Sec. 3.14, 3 LPRA sec. 9654.

[38] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008).

[39] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019).

[40] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.,* supra, a la pág. 372 (2018).

[41] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

determinación final, mediante la cual le denegó el privilegio de libertad bajo palabra.[42] Lo anterior, también, se expresó en la *Moción de reconsideración* incoada en la JLBP. En el referido pliego, el representante legal del recurrente planteó que "[no] ten[ía] conocimiento de que [la resolución] haya sido notificada al señor Bultrón Román. El que suscribe obtuvo copia de la misma el 7 de mayo, como abogado del peticionario, al solicitar copia de los documentos recientes del caso". Ante tal reclamo, nos dimos a la tarea de revisar minuciosamente el expediente administrativo, para corroborar con certeza lo esbozado por el recurrente. Así, pues, nos topamos con que, en efecto, la *Resolución* recurrida no fue notificada al recurrente.[43] Veamos.

Es de ver que, en la última página de la *Resolución* se "[c]ertificó que ha [esa] fecha ha[bía] sido archiva[da] la [resolución], expedida bajo la firma y sello oficial de [la JLBP] y copia de esta le fue notificada a las partes previamente indicadas".[44] Ahora bien, entre estas partes no se encuentra el recurrente, únicamente se incluyó a: (i) la Lcda. Aixa S. Pérez Mink; (ii) la Dra. Zulma Méndez Ferrer; (iii) Dra. Nagelie Laureano Sánchez; (iv) la Dra. Karla B. De Jesús Fuentes, y (v) la Lcda. Melissa Massheder Torres. Quienes, por lo que indica la *Resolución,* son miembros de la JLPB. No obstante, lo anterior, no encontramos en el expediente administrativo prueba de que, en efecto, se les hubiese notificado la resolución a las mencionadas partes. Por otro lado, aunque luego de la referida certificación y del sello y la firma de la Secretaria de la Junta, la *Resolución* indica "[n]otificado a REYNALDO BULTRÓN

---

[42] Recurso de revisión, a la pág. 2. En el aludido recurso el recurrente expresó lo siguiente:

> Hasta el 24 de mayo de 2024, la resolución emitida por la JLBP no había sido notificada al recurrente. El recurrente adquirió representación legal el 7 de mayo de 2024. Ese día el abogado del recurrente recibió copia del expediente con la determinación de no concesión del privilegio. Así las cosas, el 24 de mayo de 2024, se presentó una reconsideración.

[43] Expediente administrativo, a la pág. 73.
[44] *Íd.*

RÓMÁN", debajo de esto se encuentran unos renglones vacíos en los que correspondía que se colocara la firma y fecha en la que se le notificó la *Resolución* recurrida al recurrente, el nombre de la persona que le notificó, el puesto que ocupa y el programa al cual pertenece. Lo anterior denota sin ambages que no se le notificó la *Resolución* al recurrente.[45] Peor aún, al final de la *Resolución* se colocó una advertencia, la cual subraya que "[e]l o la Técnico de Servicios Sociopenales del Departamento de Corrección y Rehabilitación deberá devolver copia de esta *Resolución,* firmada por el peticionario en la fecha en que fue notificado, dentro de los próximos tres (3) días laborables siguientes al recibo de esta".[46] Dicha gestión tampoco se llevó a cabo puesto a que, de un examen del expediente administrativo, no se encontró que la JLBP hubiese cumplido con la referida notificación. Puntualizamos, además, que surge del aludido expediente que varias incidencias procesales no fueron notificadas al recurrente. Al igual que en la *Resolución* que nos ocupa, estas exhiben unas líneas vacías en las que correspondía que se colocara la firma del recurrente y la fecha en la que se le notificó cada documento en cuestión.[47]

Bajo el crisol doctrinario antes reseñado, es evidente que la notificación es parte del debido proceso de ley. A esos efectos, es ineludible que una agencia administrativa notifique una orden o Resolución final a las partes, y a sus abogados de tenerlos, y archive en autos copia de la misma y de la constancia de la notificación.[48] De incumplir con los antedichos requisitos, no se le podrán oponer los términos jurisdiccionales a la parte que no ha sido notificada y el recurso que se presente para impugnar los méritos de la decisión

---

[45] Expediente administrativo, a la pág. 73.
[46] *Íd.*
[47] *Íd.*, a la pág. 20 (*Citación para vista*); pág. 32 (*Resolución interlocutoria*); pág. 35 (*Resolución interlocutoria*); pág. 45 (*Resolución*), y pág. 69 (*Informe de Oficial Examinadora*)
[48] Sec. 3.14 de la Ley 32, *supra.*

sería prematuro.[49] Por consiguiente, dado a que la JLBP no ha notificado conforme a derecho la *Resolución* objeto de revisión nos es forzoso desestimar el recurso ante nuestra consideración.

Cabe resaltar que, aun si la *Resolución* que nos ocupa hubiese sido notificada conforme a derecho, esta Curia no tendría jurisdicción para atender el presente recurso. Ello así, puesto que la JLBP acogió reconsiderar la aludida *Resolución* el 24 de junio de 2024, cuando la *Moción de reconsideración* se presentó el 24 de mayo de 2024. Es decir, que la *Reconsideración* se acogió luego de treinta (30) días de haberse presentado. Sabido es que:

> [l]a agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.[50]

A esos efectos, cuando la agencia concernida acogió la moción de reconsideración no tenía jurisdicción, por lo que la parte recurrente hubiese tenido hasta el 24 de julio de 2024, para recurrir ante este Tribunal. Sin embargo, acudió ante nos el 23 de septiembre de 2024. Ahora bien, dado a que según concluimos, la *Resolución* recurrida no fue notificada conforme a derecho lo anterior no impide que luego de que se notifique el correspondiente mandato, y que la agencia le notifique correctamente la *Resolución* al recurrente, este pueda acudir nuevamente ante este Tribunal de Apelaciones.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción tras haberse presentado de forma prematura.

---

[49] *PR Eco Park et al. v. Mun. de Yauco,* supra, a la pág. 538; *Comisión Ciudadanos v. G.P. Real Property,* supra, a la pág. 1015.
[50] Sec. 3.14 de la Ley 38, *supra,* 3 LPRA sec. 9655.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones